**Encarnacion MANCIAS, Plaintiff-Appellee,**

v.

**The O/S NIEUWE MARKET, her engines, tackle, apparel, etc., in rem, and Nieuwe Holland Enterprises, Inc., in personam, Defendants-Appellants.**

**No. 28917.**

United States Court of Appeals,
Fifth Circuit.

July 28, 1970.

---

Gordon L. Briscoe, Harlingen, Tex., for appellants.

Fred Galindo, Galindo & Davidson, Brownsville, Tex., for appellee.

Before GODBOLD, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of the Southern District of Texas awarding damages for personal injuries in favor of Encarnacion Mancias against the O/S Nieuwe Market, her engines, tackle, apparel, etc., *in rem*, and Nieuwe Holland Enterprises, the owner of the vessel, *in personam*, under the Jones Act, 46 U.S. C. § 688 *et seq.*, and under the General Maritime Law of the United States. We affirm.

Mancias was injured aboard the *Nieuwe Market* when Hurricane Beulah struck the South Texas coast. With the approach of the storm on September 19, 1967, Mancias was ordered by his employer, Stokely Holland, president of Nieuwe Holland Enterprises, Inc., to take the *Nieuwe Market*, a wooden hull fishing vessel equipped as a shrimp trawler, from Port Isabel, Texas, up the intercoastal canal to the more protected Port of Rio Hondo, Texas. A shrimp boat of the *Nieuwe Market* class normally carries a crew of three, including the master. On this occasion, however, Mancias was to operate the *Nieuwe Market* alone. Moreover, another shrimp boat with Holland on board was lashed to the side of the *Nieuwe Market*. Holland was apparently unskilled in the art of seamanship and was of little assistance to Mancias in the operation of the two vessels.

Upon approaching the entrance to the intercoastal canal, the other shrimper, the *Nieuwe Hope*, went aground. Mancias spent about two hours trying to free the *Nieuwe Hope*, but all efforts failed, and he was ordered by Holland to proceed to the Port of Rio Hondo alone, leaving Holland to be rescued by the Coast Guard.

The *Nieuwe Market* was the last vessel to arrive at Rio Hondo and was compelled to tie up to the outside vessel of a line of other shrimpers secured to some piling, there being no remaining dock space available. Because of this and the worsening weather conditions, Mancias was unable to leave the boat and go ashore. The hurricane struck at 2:00 or 2:30 o'clock the next morning, September 20, 1967. Several boats broke loose from their moorings and the *Nieuwe Market* was struck in the stern by one of these free-floating shrimpers. Mancias was thrown to the deck on this occasion and, apparently, on several other occasions as he rode out the storm. It is uncontested that Mancias suffered a severe strain to his lower back from his fall (or falls) to the deck.

The district court found that the *Nieuwe Market* was unseaworthy for lack of an appropriate crew to operate the boat in the existing weather conditions; and that its owner was negligent in forcing Mancias to make the trip alone and under the circumstances then existing and in not making proper arrangements to get Mancias off the boat on his arrival at Rio Hondo. The district court further found that the unseaworthiness of the vessel and the negligence of its owner were the proximate

causes of Mancias' injuries, and that Mancias was not guilty of contributory negligence. As to damages, the district court found Mancias was still disabled and that his future wage earning capacity was reduced, and awarded $15,000 and $5,000 for both past and future pain and suffering, in addition to maintenance and cure and loss of wages.

The appellant generally attacks these findings as incorrect.

The record in this case is not as complete as might be desired. There were only two witnesses for the plaintiff— the plaintiff Mancias himself, and a Dr. Katherine Bend, a chiropractor who treated Mancias for his back ailment; the defense put on no testimony, but the written reports of two medical doctors who examined and treated Mancias were introduced. However, we cannot say that there was not substantial evidence in the record supporting the findings of the trial court, nor that these findings are clearly erroneous within the meaning of Rule 52(a), Federal Rules of Civil Procedure.

The judgment of the district court is hereby

Affirmed.